NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURENCE VALBUSH, | No. 20-35131 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00378-MLP |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted December 10, 2021**
San Francisco, California

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Laurence Valbush appeals from the district court's order affirming the

Commissioner of Social Security's denial of Social Security disability benefits from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the alleged disability onset date of April 19, 2013, until February 23, 2015.[1] "We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation and quotations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The ALJ did not err in assigning little weight to the opinion of Dr. McGrath. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citation omitted). Here, Dr. McGrath's opinion was contradicted by that of the State agency medical examiners, and "State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1).

In this case, the ALJ gave specific and legitimate reasons supported by substantial evidence for discounting the opinion of Dr. McGrath. "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings." *Batson v. Comm'r*

---

[1] The Administrative Law Judge (ALJ) found that Valbush was disabled as of February 23, 2015, due to Valbush turning age 55 and being subject to different rules. *See* 20 C.F.R. § 404.1563(e).

2

*of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Following a detailed discussion of Valbush's medical history, the ALJ explained that Dr. McGrath's opinion was "inconsistent with the record, which does not document lasting functional abnormalities that would be expected to limit the claimant to such an extent." In addition, the ALJ reasoned that Dr. McGrath himself indicated that Valbush had "significantly improved," and there was no indication of significant related functional abnormalities during Dr. McGrath's contemporaneous examination of Valbush. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that a finding of contradictions between a doctor's recorded observations and later opinion regarding a claimant's limitations is a clear and convincing reason for discounting a doctor's opinion). The ALJ thus gave sufficient reasons for discounting Dr. McGrath's opinion.

2.     The ALJ also gave sufficient reasons for discounting the opinion of Dr. Evans, who opined that Valbush could not perform sedentary work, would require unscheduled breaks, and would be absent more than three times per month. The ALJ justified his conclusion by noting that Dr. Evans's opinion was "highly inconsistent with the record discussed above" because, "[a]s shown, the record does not reflect any significant motor strength, gait, or sensation issues." The ALJ further explained that he discounted Dr. Evans's opinion for the additional reason that Evans only cursorily supported it with a citation to Valbush's medical history. The ALJ thus

provided sufficient reasons for discounting the opinion of Dr. Evans. *See Batson*, 359 F.3d at 1195.

3. The ALJ did not err in assigning little weight to the opinion of Mr. Malijan, a physical therapist. As a physical therapist, Mr. Malijan's opinion is "not entitled to the same deference" as acceptable medical sources and thus may be discounted "if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation and internal quotations omitted). The ALJ discounted Mr. Malijan's opinion for "similar reasons" to those given for Dr. Evans—namely that, "[a]s discussed above, such an opinion is inconsistent with the record, which does not document lasting functional abnormalities that would [be] expected to limit [Valbush] to such an extent." The ALJ thus gave germane reasons for assigning little weight to Mr. Malijan's opinion.

4. The ALJ did not err in assigning little weight to Dr. Wingerson's opinion.[2] The ALJ explained that "as discussed above, [Valbush's] mental status examinations are generally normal and not reflective of those abnormalities" assessed by Dr. Wingerson. The ALJ went on to note that there was a lack of supporting evidence of limiting mental impairments in the record. The ALJ thus provided sufficient reasons for discounting Dr. Wingerson's opinion. Further, any

---

[2] We reject the Commissioner's argument that Valbush forfeited this objection either in the district court or before us.

error with respect to Dr. Wingerson's opinion was harmless. The ALJ found Valbush disabled at the beginning of 2015, and Dr. Wingerson's prospective March 2015 opinion is thus "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (citation omitted).

**AFFIRMED.**